IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff<br><br>v.<br><br>BRANDON MICHAEL SEXTON, Defendant. | **MEMORANDUM DECISION REGARDING ORDER OF RELEASE WITH CONDITIONS**<br><br>Case No. 1:19-cr-17<br><br>District Judge Jill Parrish<br>Magistrate Judge Evelyn J. Furse |
|---|---|

### I. PROCEDURAL HISTORY

On August 15, 2018, Mr. Sexton was arrested and charged in two state cases each alleging a first degree felony possession of drugs with intent to distribute and one also alleging eighteen third degree felonies for possession of firearms by a restricted person. The state court released Mr. Sexton on bail on these charges. On February 13, 2019, a federal grand jury indicted Mr. Sexton for this same conduct, and the state dismissed the two pending cases. A federal warrant issued, and on February 27, 2019, Mr. Sexton was arrested following a traffic stop. Mr. Sexton was charged with misdemeanor drug counts in a new state case for allegedly possessing slightly over an ounce of methamphetamine at the time of his arrest. The state again set bail in that case.

On March 18, 2019, Mr. Sexton appeared for the first time in federal court on this indictment. The Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(C) because the case against Mr. Sexton involves a drug offense for which a maximum term of imprisonment is ten years or more. The Court granted the motion and

1

held the detention hearing that day, considered the information in the Pretrial Services Report, the information proffered during the hearing, and counsel's arguments.

The Government moved the Court to detain Mr. Sexton because he poses both a risk of flight and danger to the community. The Government primarily argues that Mr. Sexton fails to rebut the presumption of detention because the investigation produced recordings of the drug transactions, lab results confirming the drugs, and a search of the home produced numerous weapons including a semi-automatic rifle.

Mr. Sexton's counsel contends the Court can mitigate any risk Mr. Sexton poses by imposing conditions. The state court released Mr. Sexton on these charges in August 2018 without incident, and over ten years have passed since he successfully completed probation without incident on his last conviction. Because Mr. Sexton's counsel was just appointed at the hearing, he has not had the opportunity to review the evidence but notes the government charged Mr. Sexton with being a felon in possession of firearms and ammunition but not possession of firearms in furtherance of a drug crime, indicating the government lacks evidence to suggest he used the guns as part of his alleged drug distribution.

The Court found Mr. Sexton rebutted the presumption of detention. While the information before the Court suggests Mr. Sexton poses both a risk of nonappearance and a risk of danger to the community, the Court can impose a combination of conditions that can reasonably assure both appearance back at court and the safety of the community.

**II.     THE LAW**

The Eighth Amendment prohibits the imposition of excessive bail.  U.S. Const. amend. VIII.  18 U.S.C. § 3142 governs a defendant's release or detention pending trial.  This statute requires the court order the defendant released on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  If the court determines either personal recognizance or an unsecured bond will not reasonably assure either end, 18 U.S.C. § 3142(c)(1)(B) requires the court impose the <u>least</u> restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community.

**III.    THE REBUTTABLE PRESUMPTION**

In this case, a rebuttable presumption arises that no condition of release will reasonably assure the appearance of Mr. Sexton at court and the safety of any other person and the community because probable cause exists to believe he committed a drug offense punishable by more than ten years in prison.  18 U.S.C. § 3142(e)(3)(A).  The rebuttable presumption requires the defendant to come forward with evidence to rebut the presumption to obtain release.  <u>United States v. Stricklin</u>, 932 F.2d 1353, 1354–55 (10th Cir. 1991).  "Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."  <u>Id.</u>  The defendant does not bear a heavy burden to overcome the rebuttable presumption but must produce some evidence.  <u>Id.</u> at 1355; <u>see</u> <u>also</u> <u>United States v. Jessup</u>, 757 F.2d 378,

3

380-84 (1st Cir. 1985) (leading case regarding the rebuttable presumption explaining the difference between the burden of production and the burden of persuasion). Absent rebuttal, the court will detain the defendant.

The Court finds Mr. Sexton has rebutted this presumption. As to the presumption of risk of nonappearance back at court, Mr. Sexton was arrested for the underlying offenses in August 2018 and charged in state court. The state court released Mr. Sexton pending trial. He faced a substantial maximum amount of prison time for the charges at that time but did not flee the jurisdiction and did not fail to appear in court. The Court finds Mr. Sexton's actions while on release in state court for these alleged crimes rebut the presumption that he presents and uncontrollable risk of nonappearance.

As to the presumption of risk of harm to the community, Mr. Sexton had a period of criminal activity in 2003 through 2004 that ended with him serving one year in jail and thirty-six months on probation. Mr. Sexton completed his jail time and probation without incident and had no additional law enforcement contacts until 2017. The Court finds Mr. Sexton's prior compliance with court supervision and the extended period of compliance with the law rebuts the presumption that he presents  an uncontrollable risk to the safety of the community.

The Court also notes the empirical evidence regarding the risk of dangerousness and the presumption of detention as studied by the Administrative Office of the U.S. Courts. Amaryllis Austin, <u>The Presumption for Detention Statute's Relationship to Release Rates</u>, Fed. Probation, Vol. 81 No. 2, Sept. 2017. Pretrial calculated Mr. Sexton's Pretrial Risk Assessment score at category 4. Defendants with that same risk

4

level in non-presumption cases have a higher level of any rearrest and slightly higher level of violent rearrest than defendants in presumption cases. Id. at 56 (Table 2) & 58-59. "[T]his study suggests the presumption is overly broad." Id. at 60.

Nonetheless, the Court continues to consider the presumption in determining whether to release or detain Mr. Sexton, as it must. Stricklin, 932 F.2d at 1355.

### IV.     FACTORS FOR CONSIDERATION

The Court shall order detention of a defendant pending trial if it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government has the burden of proving the defendant poses an uncontrollable risk of danger to the community by clear and convincing evidence and/or an uncontrollable risk of nonappearance by a preponderance of the evidence. 18 U.S.C. § 3142(f)(2)(B); United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003).

Importantly, nothing in the statute modifies or limits the presumption of the defendant's innocence prior to trial. 18 U.S.C. § 3142(j). "'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'" Taylor v. Kentucky, 436 U.S. 478, 483 (1978) (quoting Coffin v. United States, 156 U.S. 432, 453 (1895)).

In making its determination at the detention hearing, the court must consider the following factors: the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the history and characteristics of the defendant—including his character, physical and mental condition, family ties, employment, financial

5

resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court appearances, whether the defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence—and the nature and seriousness of danger posed by the person's release. See 18 U.S.C. § 3142(g).

### A. Nature and Circumstances of the Charged Offense

The Government alleges Mr. Sexton engaged in distribution of Methamphetamine (approximately 614 grams of actual methamphetamine) and Heroin (31.5 grams) and possessed nineteen firearms, including one AR-15—a semi-automatic rifle—and ammunition as a previously convicted felon. The guns were found in a vehicle at the home and in the home itself, which Mr. Sexton shares with his wife and two adult children. Mr. Sexton, if convicted, faces a lengthy jail term. The nature of the drug charges give rise to a presumption of detention, making it a crime Congress considers to have both a high risk of nonappearance back at court and danger to the community. Further, the number and nature of the weapons possessed presents a risk of danger to the community. Mr. Sexton did not resist arrest on either occasion and cooperated with law enforcement during the first arrest by admitting to the officers that he had additional methamphetamine at his home that they could seize.

### B. The Weight of the Evidence

The Bail Reform Act also requires the Court to consider the weight of the evidence against Mr. Sexton on the charges at issue. See 18 U.S.C. § 3142(g)(2); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003). However, the release or detention decision is not like a preliminary injunction in the civil context, where the court

6

prejudges the merits of the case. Indeed, the Bail Reform Act reaffirms the guarantee of the presumption of innocence pretrial. 18 U.S.C. § 3142(j).

> This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

Stack v. Boyle, 342 U.S. 1, 4 (1951) (citing Hudson v. Parker, 156 U.S. 277, 285 (1895)). The Court considers the strength of the evidence in terms of that evidence's bearing on the risk of nonappearance and the risk of harm to the community. The likelihood of conviction by itself has no bearing on the pretrial release decision. To consider the weight of the evidence for purposes of prejudging the outcome would convert pretrial detention from a regulatory detention into a punitive detention, which the Supreme Court finds unconstiutional. See United States v. Salerno, 481 U.S. 739, 747-48 (1987) (finding detention based on dangerousness regulatory rather than punitive because it attempts to protect society from harm rather than punish the accused for being dangerous).

The Court finds the weight of the evidence suggests Mr. Sexton participated in the sale of methamphetamine and heroin and has a drug problem, which poses a risk that Mr. Sexton may use and sell drugs while on pretrial release. The sale of drugs at issue was arranged by an informant, and drugs were found in the vehicle Mr. Sexton drove as well as in his home. Further Mr. Sexton, upon arrest, admitted to having methamphetamine at his home and admits to using methamphetamine. Thus the weight of the evidence with respect to the drugs supports a finding of risk of danger to the community. As to the guns, the Government clearly found the guns charged at the

residence, but the Government did not proffer any evidence with respect to Mr. Sexton's ownership or use of the guns. Thus the weight of the evidence with respect to the guns does not add to the risk of danger to the community.

### C. History and Characteristics of the Defendant

Mr. Sexton is forty-three years old and has lived in Utah for the last thirty-three years. He is married but separated from his wife. They continue to live together with their two adult children at the proposed release residence suggesting strong ties to the community. Mr. Sexton's separated wife attended the hearing and is supportive of him. returning to the residence.

Mr. Sexton has a strong work history but was not working at the time of his arrest because he was on medical leave related to surgery. He needs an additional surgery, and he has sufficient financial support for the period between now and trial.

Mr. Sexton admits to using methamphetamine sporadically over the last two to three years. The last time he received drug treatment was while incarcerated fifteen years ago. Mr. Sexton has one felony conviction from 2004. At that time he was convicted of distribution of a controlled substance and sentenced to one to fifteen years in prison, which the court suspended, sentencing him to one year in jail and thirty-six months of probation. Mr. Sexton had one failure to appear in 1998 on case that was eventually dismissed, and two failures to appear in 2004 prior to his conviction. Since that time, Mr. Sexton has had no failures to appear.

Since that time, Mr. Sexton has had no new convictions. He received a 2017 charge for criminal mischief that the state dismissed a little over two months later. In August 2018, he was charged in two different state cases with the same conduct

underlying this case.  The state dismissed those cases on February 13, 2019, following the Grand Jury indictment.  Upon arrest on February 27, 2019, he is alleged to have had a state misdemeanor quantity of methamphetamine on him and has been charged with three misdemeanors for that in state court.  According to pretrial services, bail has been set on that matter, and if released on this case, he would need to post bail in that matter.

Mr. Sexton has never had a mental health diagnosis or taken mental health medications.

### D. The Nature and Seriousness of Danger Posed by Release

Mr. Sexton poses a danger of drug use and dealing and a risk that he will unlawfully possess a weapon.  Mr. Sexton appears to have used methamphetamine recently and has not had drug treatment in the last fifteen years.  There is no evidence that Mr. Sexton acquired any new weapons since August.  Further, Mr. Sexton's history shows no prior use of firearms.

### V. EVALUATION OF THE ABILITY OF CONDITIONS TO REASONABLY ASSURE APPEARANCE AT COURT AND THE SAFETY OF THE COMMUNITY

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Salerno, 481 U.S. at 755.  The Court must release the defendant on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  As stated above, "the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of

proving dangerousness by clear-and-convincing evidence." United States v. Cachucha, 778 F. Supp. 2d 1172, 1177 (citing 18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003)).

The Court finds that given the nature and circumstances of the charged offense, Mr. Sexton poses a risk of nonappearance and a risk to the safety of the community. Therefore, the Court must impose "the least restrictive further condition or conditions" that will reasonably assure the appearance of the defendant. 18 U.S.C. § 3142(c)(1)(B) (emphasis added); see also United States v. Deppish, 554 F. App'x 753, 754-55 (10th Cir. 2014) (unpublished) (discussing and applying least restrictive condition standard).

The charges themselves create a risk of nonappearance back at court because they carry significant maximum sentences. Further, as stated above, the indictment does allege drug and gun crimes, making further similar violations a future risk.

However, the Court finds the Government has failed to show by a preponderance of the evidence that no combination of conditions will reasonably assure the appearance of Mr. Sexton back at court. Mr. Sexton's history shows that he has done well under court supervision in the past, has had an extended period of sobriety, has appeared for court in his recent matters, and has the support of his family. All of these factors suggest he will not flee. Furthermore, while on release from state court facing similar potential jail sentences, Mr. Sexton did not flee. Moreover, he did not attempt to flee when pulled over or arrested on this warrant.

Statistically, Mr. Sexton also has a low likelihood of failure to appear. In the twelve-month period ending December 31, 2017 (the most recent year available) this district had zero failures to appear according to the Administrative Office of the Courts'

Table H-15. Additionally, only six percent of all released defendants in Mr. Sexton's same risk category have failed to appear according to the research supporting the Pretrial Risk Assessment as set forth in the pretrial services report. Thus, the Court finds the risk of nonappearance minimal.

To guard against the risk that Mr. Sexton will choose to abscond, the least restrictive means necessary reasonably to assure his reappearance include the following conditions:

> 1. Ordering Mr. Sexton to live with his family and not change his address without prior permission of the pretrial officer, not travel outside of Utah without prior permission of the pretrial officer, and not travel outside of the United States without the Court's permission.
>
> 2. Requiring reporting to the pretrial officer as directed by that officer.

The Government has also failed to put forth evidence that rises to the level of clear and convincing that Mr. Sexton will deal drugs and use guns to do so, placing the community at risk. Mr. Sexton has a limited criminal history, has an extended period of sobriety, and performed well on probation in the past. While Mr. Sexton does appear to have a drug problem, he has now had forced sobriety based on his detention for almost a month, and Pretrial Services regularly supervises people with substance abuse problems successfully. To guard against the risk that Mr. Sexton will use illegal drugs, sell illegal drugs, and possess guns while doing so, the least restrictive means necessary reasonably to assure the safety of the community include the following conditions:

1. Prohibiting possession of any firearms, ammunition, destructive devices, or dangerous weapons.
2. Reporting regularly to his pretrial officer.
3. Prohibiting the unlawful use or possession of any controlled substance.

4. Submitting to drug testing.

5. Participation in drug treatment.

6. Living in Home Detention, allowing Mr. Sexton to leave his home only to go to employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer.

7. Monitoring his Home Detention with location monitoring technology as appropriate as determined by the pretrial services officer.

8. Submitting to a search of his home, office, person, or vehicle if Pretrial Services has reasonable suspicion that he has contraband or evidence of a violation of a release condition.

While location monitoring is generally used to reasonably assure appearance, in this instance, the Court orders location monitoring to determine compliance with the home detention condition. By placing Mr. Sexton on home detention his interaction with the community is significantly limited, to approved activities, reducing the risk of harm to the public and the opportunities for Mr. Sexton to engage in the dangerous behaviors at issue of drug use and drug dealing. Violations of either the home detention condition or the location monitoring condition will tend to show an unwillingness to comply with conditions of release which would suggest an increased risk of danger to the community. Drug treatment and testing will also reasonably assure that Mr. Sexton continues to refrain from drug use while on release, which further reduces the likelihood of the continued dangerous behavior. The prohibition on weapons and the search condition should likewise reasonably assure Mr. Sexton does not possess any firearms or weapons while on release. Should Mr. Sexton violate any of his release conditions, the Court can revoke pretrial release and hold Mr. Sexton in detention pending trial should he appear to present an unmanageable risk of flight or danger.

## VI. CONCLUSION

Under all of these circumstances, the Court finds the Government has failed to show by clear and convincing evidence that Mr. Sexton poses an uncontrollable risk to the safety of any person or the community or by a preponderance of the evidence that Mr. Sexton poses an uncontrollable risk of flight. The Court finds it can impose conditions that will reasonably assure the safety of any person or the community and appearance back at court.

For these reasons, the undersigned released Mr. Sexton on conditions pending trial as set forth in the Order Setting Conditions of Release (ECF No. 15).

DATED this 21st day of March, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge